UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PUYALLUP TRIBE OF INDIANS,<br><br>Defendant. | CASE NO. C13-5122 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff United States of America's ("Government") motion for summary judgment (Dkt. 20) and Defendant Puyallup Tribe of Indians' ("Tribe") motion for summary judgment (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the Tribe's motion and denies the Government's motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 20, 2013, the Government filed a complaint against the Tribe asserting a claim for the alleged failure to honor an Internal Revenue Service ("IRS") Tax Levy. Dkt. 1.

On November 21, 2013, the parties filed a stipulated statement of facts. Dkt. 19.

On November 22, 2013, the parties filed motions for summary judgment. Dkts. 20 & 21.

On December 20, 2013, the parties filed responses. Dkts. 22 & 23.

## II. FACTUAL BACKGROUND

The Court will only provide a brief summary of the facts because the stipulated statement of facts is in the record. *See* Dkt. 19. Joshua D. Turnipseed ("Turnipseed") is an enrolled member of the Tribe and owes back taxes to the Government. The Tribe, at the Tribal Council's discretion, distributes per capita payments each month to qualified members such as Turnipseed. The Government issued a levy to the Tribe for Turnipseed's wages, salary, or other income in an attempt to collect Turnipseed's liabilities. The Tribe issued per capita payments to Turnipseed despite the levy, and, eventually, the Government filed this action.

## III. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In this case, the parties agree the Court may decide the narrow issues presented on the stipulated facts. *See* Dkt. 21 at 3.

The Supreme Court set forth the legal standard for determining whether an IRS levy notice applies to future payments:

> We look initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as "property" or "rights to property" within the compass of the federal tax lien legislation.

*Drye v. United States*, 528 U.S. 49, 58 (1999). *Accord, Fourth Inv. LP v. United States*, 720 F.3d 1058, 1067 (9th Cir. 2013). The parties dispute whether the per capita

payments are "property" or "rights to property" and whether the per capita payments are "fixed and determinable" under federal law.  *See* Dkt. 22 at 2.

**A.     Property**

"In determining whether a federal taxpayer's state-law rights constitute 'property' or 'rights to property,' '[t]he important consideration is the breadth of the control the [taxpayer] could exercise over the property.'" *Drye*, 528 U.S. at 61 (quoting *Morgan v. Commissioner*, 309 U.S. 78, 83 (1940)).

In this case, the parties dispute the applicable law (state, tribal, or federal) and the characterization of future per capita payments.  With no controlling precedent, the parties have cited numerous persuasive authorities that have reached contrary conclusions.  For example, the Wisconsin bankruptcy court has concluded that future per capita payments are "contingent interests" to which no legal rights attach. *In re Fess*, 408 B.R. 793, 798–799 (Bankr. W.D. Wis. 2009).  On the other hand, the Bankruptcy Appellate Panel for the Ninth Circuit has held that such payments are an "entitlement" or a "a contingent, intangible property interest . . . ." *Brown v. Locke (In re Brown)*, 2006 WL 6810938 *9–11 (9th Cir. B.A.P. 2006).  Fortunately, the second aspect of this case is dispositive and the Court need not pass upon, or add to, the conflicting opinions on this issue.

**B.     Fixed and Determinable**

"Obligations exist when the liability of the obligator is fixed and determinable although the right to receive payment thereof may be deferred until a later date." 26 C.F.R. § 301.6331–1(a)(1).  The regulations provide two examples as follows:

|   |   |
|---|---|
| 1 | For example, if on the first day of the month a delinquent taxpayer sold personal property subject to an agreement that the buyer remit the purchase |
| 2 | price on the last day of the month, a levy made on the buyer on the 10th day of the month would reach the amount due on the sale, although the buyer |
| 3 | need not satisfy the levy by paying over the amount to the district director until the last day of the month. Similarly, a levy only reaches property in |
| 4 | the possession of the person levied upon at the time the levy is made together with interest that accrues during the 21–day holding period |
| 5 | provided for in section 6332(c). For example, a levy made on a bank with respect to the account of a delinquent taxpayer is satisfied if the bank |
| 6 | surrenders the amount of the taxpayer's balance at the time the levy is made. The levy has no effect upon any subsequent deposit made in the bank |
| 7 | by the taxpayer. Subsequent deposits may be reached only by a subsequent levy on the bank. |

*Id*.

In this case, when the levy was served, Turnipseed's payment was not fixed and determinable.  First, neither the IGRA nor the Tribe's Per Capita Ordinance mandate, or fix, per capita payments.  *See* 25 U.S.C.A. § 2710(b)(3) ("Net revenues from any class II gaming activities conducted or licensed by any Indian tribe *may* be used to make per capita payments to members . . . .") (emphasis added); Ordinance 1.08.040 ("It is the intent of the Puyallup Tribal Council that when circumstances permit and the Council feels that it is appropriate to do so, it will direct that the Tribe make a per capita payment to each Tribal member . . . .").  Once the Tribal Council decides, at its own discretion, whether to issue a payment, Turnipseed's payment is then fixed and determinable.  This factual circumstance is more akin to the bank deposit example, as opposed to the sale of personal property example provided in the regulations.  A levy may reach a delinquent taxpayer's current balance, but may not reach subsequent deposits to that bank account.  Similarly, a levy may attach to a tribal member's currently authorized per capita

ORDER - 4

1  payment, but may not reach subsequently authorized per capita payments.  The
2  Government, however, disagrees with this position.
3      The Government contends that, based on custom and practice, the per capita
4  payments were fixed and determinable.  The Government admits that "this is a matter of
5  first impression" (Dkt. 22 at 16), and the Court declines to adopt the Government's
6  proposition that the rule that levies may attach to discretionary, yet customary payments.
7  Just like there is no guarantee that a subsequent deposit will be made to a levied bank
8  account, there is no guarantee that Turnipseed will receive another per capita payment.
9  While the Tribe strives to provide for its members, it still makes a discretionary monthly
10 decision whether it shall do so.  Moreover, the fact that a payment is likely is the same as
11 classifying a sale of personal property as likely.  But, according to the regulations, a levy
12 cannot attach until the individual has actually sold the item.  Therefore, the Court
13 concludes that the levies in question did not attach to Turnipseed's per capita payments.

## IV. ORDER

15     Therefore, it is hereby **ORDERED** that the Tribe's motion for summary judgment
16 (Dkt. 21) is **GRANTED** and the Government's motion for summary judgment (Dkt. 20)
17 is **DENIED**.
18     Dated this 9th day of April, 2014.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge